UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

<div style="display:flex">

CASEY E. MURDOCK,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

</div>

No. CV-11-0141-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment noted for hearing without oral argument on September 28, 2012. (ECF No. 14, 16). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Stephanie Lynn F. Kiley represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7). After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) on August 11, 2008, alleging disability as of November 7, 1982 (Tr. 188).[1] The applications were denied initially and on reconsideration.

---

[1] At the administrative hearing, Plaintiff amended his onset date to August 15, 2007 (Tr. 20, 48).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Administrative Law Judge (ALJ) Paul T. Hedba held a hearing on December 9, 2009 (Tr. 45-74). The ALJ issued an unfavorable decision on January 8, 2010 (Tr. 20-30). The Appeals Council denied review on March 14, 2011 (Tr. 1-6). The ALJ's December 2009 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 12, 2011 (ECF No. 2).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on November 7, 1982 (Tr. 51) and was 24 years old at the time of the alleged onset date. Plaintiff completed high school and attended two years of community college (Tr. 51). Plaintiff has past work as a telemarketer, babysitter and computer technician (Tr. 52-53). Plaintiff alleges he stopped working because of his asthma and migraines (Tr. 53).

At the administrative hearing, Plaintiff testified that he continues to have migraine headaches two to three times a week, each lasting about four to five hours (Tr. 54-55). Plaintiff stated the migraines make him nauseous or dizzy and he has to lay down as a result (Tr. 55). He has an inhaler for asthma that he uses as needed (Tr. 55). He had problems with the growth plates in his hips as a child and underwent two surgeries at Shriners Hospital for the condition (Tr. 55-56). Plaintiff stated his hips continued to be very painful (Tr. 56). Plaintiff testified he has scoliosis in his back and that malady has bothered him for about

15 years (Tr. 56). He has been diagnosed with sleep apnea, but is not able to tolerate a CPAP machine (Tr. 56-57, 62). He stated he only sleeps two to three hours a night and feels tired in the morning (Tr. 57-58). Plaintiff testified he tends to take two to three hour naps in the middle of the day as a result (Tr. 58). Plaintiff, however, did not specifically state that daily two to three hour naps were a necessity for him to function (Tr. 58).

Plaintiff stated he could sit in a chair for about an hour, stand for 15 to 20 minutes, walk for about 15 minutes, and lift and carry 10 to 15 pounds. (Tr. 58-59, 64). He testified he also had difficulty with bending over and climbing stairs (Tr. 59). He indicated he was able to do light housework, some laundry and dishes for about 30 minutes at one stretch and was able to go grocery shopping once a week (Tr. 60). He sits, watches TV and plays on his computer throughout the day (Tr. 61).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

considered.  If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

**ALJ'S FINDINGS**

The ALJ determined that plaintiff meets the insured status requirements of the Act through March 31, 2009 (Tr. 20, 22). At step one, the ALJ found plaintiff has not engaged in substantial gainful activity since August 15, 2007, the alleged onset date (Tr. 22). At step two, the ALJ found plaintiff had severe impairments of "dextroconvex scoliosis, history of bilateral hip surgery, asthma, migraines, and depression" (Tr. 22). The ALJ evaluated the medical evidence of record (Tr. 22-25) and specifically concluded that there was no objective medical findings to support plaintiff's allegations of severe obstructive sleep apnea (Tr. 25).

At step three, the ALJ found plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Tr. 25). The ALJ then assessed plaintiff's RFC (Tr. 26-28). The ALJ determined plaintiff could perform medium work; could engage in occasional climbing of stairs, ramps, ladders, ropes and scaffolds; could occasionally engage in kneeling, crouching, and crawling; should avoid concentrated exposure to irritants such as fumes, odors, dust, gases and chemicals; and could engage in only occasional interaction with the general public and with coworkers (Tr. 26-27).

With respect to plaintiff's credibility, the ALJ stated that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were

inconsistent with the ALJ's RFC assessment (Tr. 27).  At step four, the ALJ found that plaintiff is capable of performing his past relevant work as a telemarketer and babysitter (Tr. 28-29).  The ALJ concluded, in the alternative, that based on the vocational expert testimony and plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that plaintiff could perform, including the jobs of stores laborer, mail clerk and photocopy machine operator (Tr. 29-30).  Accordingly, the ALJ concluded that plaintiff was not disabled as defined by the Act from August 15, 2007, through the date of his decision, January 8, 2010 (Tr. 30).

**ISSUES**

Plaintiff alleges the ALJ erred as follows:

1. By failing to accord weight to the opinion of Naomi Ward, PA-C, regarding plaintiff's physical limitations;

2. By improperly rejecting plaintiff's testimony regarding his physical limitations; and

3. By failing to accord weight to the opinion of John Arnold, Ph.D., regarding plaintiff's mental limitations.

(ECF No. 15 at 8-15).

**DISCUSSION**

**A.  Plaintiff's Credibility**

Plaintiff asserts that the ALJ erred by failing to properly consider plaintiff's testimony regarding his physical limitations. (ECF No. 15 at 11-13).  Plaintiff specifically argues that the ALJ failed to state specific, clear and convincing reasons why plaintiff's need to take a daily nap was not credible.  (ECF No. 15 at 13).

///
///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

As noted above, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment (Tr. 27). The ALJ determined plaintiff retained the RFC to perform medium work; he could engage in occasional climbing of stairs, ramps, ladders, ropes and scaffolds; he could occasionally engage in kneeling, crouching, and crawling; he should avoid concentrated exposure to irritants such as fumes, odors, dust, gases and chemicals; and he could engage in only occasional interaction with the general public and with coworkers (Tr. 26-27).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

With regard to plaintiff's specific complaint that the ALJ's RFC determination did not account for plaintiff's testimony that he only sleeps two to three hours a night, feels tired in the morning, and tends to take two to three hour naps in the middle of the day as a result (Tr. 57-58), plaintiff did not testify that daily naps were a necessity for him to function, only that he tends to take a nap during the day (Tr. 58). Plaintiff's own testimony, as well as the record evidence, does not reflect a "need" for plaintiff to take daily naps. Moreover, as determined by the ALJ, despite a diagnosis of obstructive sleep apnea, there is no objective medical findings to support plaintiff's allegations of severe obstructive sleep apnea (Tr. 25). In fact, plaintiff has chosen to discontinue the use of a CPAP machine which would help alleviate symptoms caused by sleep apnea (Tr. 62). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ further indicated that the medical evidence does not support plaintiff's allegations of an inability to work (Tr. 27). The ALJ noted that x-rays show the hip hardware is stable, only a mild limp has been noted and he does not need an assistive device to ambulate or stand; he has been advised to use a shoe lift to help with his leg length discrepancy, but is noncompliant in that regard; his asthma has been reported as being intermittent at most and testing did not show significant lung problems; and Dr. Weir did not find any reason why plaintiff could not work (Tr. 27-28).

Plaintiff's daily activities were also not consistent with his allegations of disabling limitations. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (it is well-established that the nature of daily activities may be considered when evaluating credibility). The ALJ's decision notes record evidence that plaintiff was a high school graduate, attended two years of community college, could prepare fast meals, sometimes did the vacuuming, was able to go to the store as necessary, played on his computer for hours in a day, watched television, read books, collected baseball cards, and walked daily for exercise (Tr. 24). The ALJ also noted plaintiff's hearing testimony that he does light housework and laundry, drives and tries to walk when he can to lose weight (Tr. 27).

After reviewing the record, the undersigned finds that the reasons provided by the ALJ for discounting plaintiff's subjective complaints are clear, convincing, and fully supported by the record. Accordingly, the ALJ did not err by concluding that plaintiff's subjective complaints regarding the extent of his functional limitations were not fully credible in this case.

**B.  Physical Limitations**

Plaintiff contends that the ALJ erred by finding he has the RFC to perform a range of medium exertion level work activities. (ECF No. 15 at 9-11). Plaintiff indicates that the opinions of Naomi Ward, PA-C, reflect that he has greater restrictions from a physical standpoint than those assessed by the ALJ. (ECF No. 15 at 10-11). He argues that the ALJ failed to set forth the requisite specific and legitimate reasons supported by substantial evidence in the record for rejecting Ms. Ward's opinions.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

1    Ms. Ward filled out a physical evaluation form on March 26,
2  2009 (Tr. 406-409).  Ms. Ward diagnosed scoliosis, morbid obesity,
3  unequal leg length, thoracic degenerative disc disease, migraine
4  headaches, and glucose intolerance (Tr. 408).  While Ms. Ward
5  noted the severity of these impairments as only mild or moderate
6  in her report, Ms. Ward opined that plaintiff's overall work level
7  was severely limited; i.e., unable to lift at least two pounds or
8  unable to stand and/or walk (Tr. 408).
9    As noted by defendant, Ms. Ward is not an acceptable medical
10 source.  (ECF No. 16-1 at 11).  Her testimony and opinions do not
11 qualify as "medical evidence . . . from an acceptable medical
12 source" as required by the Social Security regulations.  20 C.F.R.
13 §§ 404.1513, 416.913.  Furthermore, as indicated above, Ms. Ward's
14 report is internally inconsistent as she did not rate any of his
15 impairments as marked or severe, yet she found his overall work
16 level to be severely limited (Tr. 408).  In any event, as
17 correctly determined by the ALJ, Ms. Ward's opinion is
18 inconsistent with the record as a whole, including plaintiff's own
19 reported abilities (Tr. 28).
20   Plaintiff testified that he could sit in a chair for about an
21 hour, stand for 15 to 20 minutes, walk for about 15 minutes, and
22 lift and carry 10 to 15 pounds. (Tr. 58-59, 64).  He stated he had
23 difficulty with bending over and climbing stairs, but did not
24 report an inability to do so (Tr. 59).  He also testified he was
25 able to do light housework, some laundry and dishes for about 30
26 minutes at one stretch, and was able to go grocery shopping once a
27 week (Tr. 60).  Plaintiff's hearing testimony is not consistent
28 with the severe limitations assessed by Ms. Ward.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1    Ms. Ward's report is also inconsistent with the medical
2 evidence of record. A. Peter Weir, M.D., examined plaintiff on
3 September 18, 2008 (Tr. 334-338). Dr. Weir noted that plaintiff
4 appeared in no discomfort or distress, ambulated without
5 difficulty or discomfort, did not appear uncomfortable during the
6 exam, and moved easily without obvious discomfort (Tr. 335). He
7 diagnosed plaintiff with Legg-Perthes disease, mild thoracolumbar
8 scoliosis, left leg is one-half inch shorter than the right, mild
9 intermittent asthma, and migraine headaches (Tr. 337-338). Dr.
10 Weir opined that plaintiff's ability to stand, walk and sit
11 throughout an eight-hour day and ability to lift and/or carry were
12 not restricted (Tr. 338). The ALJ's decision also notes record
13 evidence that plaintiff could prepare fast meals, sometimes did
14 the vacuuming, was able to go to the store as necessary, played on
15 his computer for hours in a day, watched television, read books,
16 collected baseball cards, and walked for exercise (Tr. 24). The
17 ALJ noted that x-rays showed the hip hardware was stable, only a
18 mild limp has been noted and he does not need an assistive device
19 to ambulate or stand, and he has been advised to use a shoe lift
20 to help with his leg length discrepancy but has been noncompliant
21 in that regard (Tr. 27). The evidence of record is not consistent
22 with Ms. Ward's finding that plaintiff was unable to lift at least
23 2 pounds or unable to stand and/or walk.
24    Based on the foregoing, it was appropriate for the ALJ to
25 reject Ms. Ward's opinion that plaintiff's physical abilities were
26 severely limited. The record does not support a more restrictive
27 finding than Plaintiff being restricted to a range of medium
28 exertion level work. Accordingly, the undersigned finds that the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

ALJ's physical RFC determination is in accord with the weight of the record evidence and free of legal error.

**C.  Mental Limitations**

Plaintiff lastly asserts that limitations assessed by John Arnold, Ph.D., reflect greater restrictions from a psychological standpoint than assessed by the ALJ, and the ALJ erred by not according Dr. Arnold's report greater weight.  (ECF No. 15 at 13-15).  Plaintiff argues that the ALJ failed to set forth specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Arnold's opinions.  (ECF No. 15 at 15).

On September 18, 2009, Dr. Arnold completed a general psychological assessment of plaintiff (Tr. 433-445).  Dr. Arnold diagnosed pain disorder with both psychological factors and a general medical condition; dysthymia, late onset; anxiety, NOS; schizotypal personality disorder with depression, and self-defeating features; and chronic pain, by self-report and medical documentation (Tr. 436-437).  He also gave plaintiff a GAF score of 55[2] (Tr. 437).  Dr. Arnold filled out a mental medical source statement indicating plaintiff had several marked and severe functional limitations (Tr. 438-441).

As indicated by the ALJ, Dr. Arnold's assessment is not supported by the weight of the record evidence (Tr. 28). Psychologist William H. Jackline, Ed.D, completed a psychological evaluation on October 1, 2008 (Tr. 348-354).  Dr. Jackline diagnosed major depressive disorder, single episode, mild, and

---

[2] A GAF of 60-51 reflects: Moderate symptoms or moderate difficulty in social, occupational, or school functioning.  *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (4th ed. 1994).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

gave plaintiff a GAF score of 65[3] (Tr. 353).  Dr. Jackline opined that plaintiff had an adequate ability to understand, remember and follow simple instructions; a mildly impaired ability to understand, remember and follow increasingly lengthy, fast-pace and complex verbal information and directions; an adequate ability to sustain concentration and to persist at a task; and mildly to moderately impaired social interactive skills and mildly impaired ability to quickly adapt to changes within his environment (Tr. 353-354).  Reviewing physician Eugene Kester, M.D., filled out a mental residual functional capacity assessment on October 2, 2008, finding plaintiff was either not significantly limited or moderately limited in all areas of mental functioning (Tr. 355-357).  Dr. Kester indicated that while plaintiff's concentration for extended periods may be limited at times due to symptoms, plaintiff is able to persist throughout a normal workday and workweek without difficulty (Tr. 357).  Accordingly, Dr. Arnold's assessment of marked and severe functional limitations is not in accord with the findings of Drs. Jackline and Kester.

    Dr. Arnold's report is also internally inconsistent.  While Dr. Arnold's GAF score accounted for only moderate limitations, his mental medical source statement included several marked and severe limitations.

    Finally, plaintiff's statements in the record which indicate he is able to concentrate on computer games for several hours

---

[3] A GAF of 70-61 is characterized as:  "Some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well."  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 12 (3d ed. Rev. 1987).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

during a day, watch television, read and participate in hobbies such as collecting baseball cards and wood burning of animals and tribal designs, as well as plaintiff's educational background of attaining a 3.5 GPA throughout two years of community college, contradict Dr. Arnold's mental functioning assessment.

The ALJ did not err by rejecting Dr. Arnold's assessment of marked and severe mental limitations. The substantial weight of the record evidence supports the ALJ's mental RFC determination in this case.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (**ECF No. 16**) is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment (**ECF No. 14**) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

**DATED** this 28th day of September, 2012

                                          S/ James P. Hutton
                                          JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE